Joel Jay Flick, Esq. Village Attorney, Haverstraw
You have asked whether your village board of trustees may appoint you, the village attorney, to serve as the acting village justice.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
There is no statutory prohibition against one person holding two appointive village offices. (See Village Law § 3-300[3] and [4].) There is an obvious incompatibility if a village attorney is required to appear from time to time in the village court of which is is the acting village justice. If, however, the necessity for an acting village justice to appear in his own court can be avoided, the situation becomes the traditional one of a conflict of interest because the element of inevitability is missing. If your board of trustees establishes a policy that provides for village representation in the village court by other counsel and, of course, if you do not sit as acting village justice in litigation involving the village, we think you could safely accept appointment as acting village justice. This assumes, of course, that the village justice remains able to handle most of the court's work. If the village justice became incapacitated for an extended period of time, it would probably become necessary for you to resign so that an "uninvolved" acting village justice could be appointed
We note that in 1971 Op Atty Gen (Inf) 78 we said that:
 "an assistant county attorney may be obliged to represent the county in a civil action brought by or against the county in a village court * * * in which, if he were the acting village justice, he would act as judge in the absence or inability to act of the village justice * * *.
 "Although as a practical matter such a situation may be unlikely, the general principle remains and I must, therefore, conclude that neither a county attorney nor any of his assistants should, at the same time, hold either of the offices of village justice or acting village justice."
We think that the "general principle" is not applicable if, as seems to be true here, the inconsistency is not only "unlikely" but its rare occurrence can be avoided. Compare our Opinion No. 81-16, copy enclosed, in which we said that an assistant county attorney assigned exclusively to Family Court matters and not authorized to assume the duties of the county attorney could also hold the office of town or village justice.
We conclude that a village board of trustees may appoint the village attorney to serve as acting village justice if the board arranges matters so that the village attorney does not appear in the village court representing the village.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.